# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------
                                  :
JOEL JERMAINE BACON,              :
                                  :
            Plaintiff,            :
                                  :      Civil Action
         v.                       :      No. 12-0841 (JAP)
                                  :
ANNE KLEIN FORENSIC CENTER,       :
                                  :
            Defendant.            :
---------------------------------:

JOEL JERMAINE BACON,              :
                                  :
            Plaintiff,            :
                                  :      Civil Action
         v.                       :      No. 12-0842 (JAP)
                                  :
CHRISTIE TODD WHITMAN,            :
                                  :
            Defendant.            :
---------------------------------:

JOEL JERMAINE BACON,              :
                                  :
            Plaintiff,            :
                                  :      Civil Action
         v.                       :      No. 12-0843 (JAP)
                                  :
ALEX DAVIS,                       :
                                  :
            Defendant.            :
---------------------------------:

JOEL JERMAINE BACON,              :
                                  :
            Plaintiff,            :
                                  :      Civil Action
         v.                       :      No. 12-0844 (JAP)
                                  :
JAMESBURG DETENTION HOME          :
FOR BOYS,                         :
                                  :
            Defendant.            :
---------------------------------:

continued ...

... continued

_____
                             :
JOEL JERMAINE BACON,         :      Civil Action
                             :      No. 12-0845 (JAP)
          Plaintiff,         :
                             :
     v.                      :      **MEMORANDUM OPINION**
                             :      **AND ORDER**
JAMES FORSYTHE,              :
                             :      **Applies to All Actions**
          Defendant.         :
_____
                             :

IT APPEARING THAT:

1.   Plaintiff submitted his civil complaints in the above-
     captioned actions together with applications to proceed <u>in
     forma</u> <u>pauperis</u>.  In addition, in each of these actions,
     Plaintiff submitted an application seeking appointment of
     <u>pro</u> <u>bono</u> counsel.  Shortly thereafter, Plaintiff – for no
     stated reason – submitted a letter in all of his cases
     before this Court requesting that the Court "throw away"
     those actions in which Plaintiff had not sought a <u>pro</u> <u>bono</u>
     attorney.[1]

2.   Plaintiff, a civilly committed individual, is party to
     another action commenced in this District.  See <u>Bacon v.
     Burns</u> ("<u>Bacon v. Burns</u>"), Civil Action No. 10-5484 (JBS)
     (D.N.J. Oct 22, 2010).  The <u>Bacon v. Burns</u> action was
     initiated on October 22, 2010, and assigned to Judge Jerome

---

[1]   Plaintiff sought appointment of <u>pro</u> <u>bono</u> counsel in each
of the five matters at bar, so his letter may have no relevance
here.

2

B. Simandle.  See id., Docket Entry No. 1.  The complaint in Bacon v. Burns, as well as the amended complaint filed in that matter on December 23, 2010, alleged that, during a certain period of Plaintiff's confinement, he was subjected to involuntary medication with the anti-psychotic drug Haldol in violation of his constitutional rights.

3.   On October 25, 2010, Plaintiff submitted another civil complaint also asserting that his constitutional rights were violated by the same chain of involuntary medications.  See Bacon v. Madnell ("Bacon v. Madnell"), Civil Action No. 10-5506 (JAP) (D.N.J. Oct. 25, 2010).  This Court directed administrative termination of Bacon v. Madnell as duplicative of Bacon v. Burns.  See Bacon v. Madnell, Civil Action No. 10-5506, Docket Entry No. 2.  The Court explained to Plaintiff why such termination was warranted.  See id.

4.   On November 17 and 29, 2010, Plaintiff submitted two applications in Bacon v. Madnell, Civil Action No. 10-5506, one asserting this Court erred in directing termination of that action, and another requesting appointment of pro bono counsel.  See id., Docket Entries Nos. 2 and 3.

5.   On December 1, 2010, this Court denied Plaintiff's application for pro bono counsel, as well as his request to restore Bacon v. Madnell to the District's active docket.  See id., Docket Entry No. 6.  In conjunction with these

3

determinations, the Court again explained why <u>Bacon v. Madnell</u> was duplicative of <u>Bacon v. Burns</u>.  See <u>id.</u>

6.  On February 8, 2011, Plaintiff submitted yet another civil complaint asserting that his rights were violated by the same chain of involuntary medications, <u>see</u> <u>Bacon v. Adetunji</u>, Civil Action No. 11-0706 (JBS) (D.N.J. Feb. 8, 2011), Docket Entry No. 1.  <u>See</u> <u>id.</u>  Because Plaintiff's complaint in <u>Bacon v. Adetunji</u> was subject to dismissal on the grounds already articulated twice by this Court in <u>Bacon v. Madnell</u>, Judge Simandle directed termination of <u>Bacon v. Adetunji</u> as duplicative.  <u>See</u> <u>Bacon v. Adetunji</u>, Civil Action No. 11-0706, Docket Entry No. 2.  That termination took place on March 21, 2011.  <u>See</u> <u>id.</u> at 3.  Consequently, only Plaintiff's initial proceeding, <u>i.e.,</u> <u>Bacon v. Burns</u>, Civil Action No. 10-5484, remained pending.

7.  On April 13, 2011, the defendants in <u>Bacon v. Burns</u>, Civil Action No. 10-5484, filed their first motion for summary judgment.  <u>See</u> <u>Bacon v. Burns</u>, Civil Action No. 10-5484, Docket Entries Nos. 13 and 14.  On November 15, 2011, Judge Simandle granted that motion in part and denied it in part, allowing the sole defendant remaining in <u>Bacon v. Burns</u> to file a supplemental motion.[2]  <u>See</u> <u>id.,</u> Docket Entries Nos.

_____

[2]  Specifically, ruling on the record accompanying the defendants' initial motion for summary judgment, Judge Simandle found a genuine issue of material fact as to whether defendant

4

25 and 26.  That supplemental motion was filed on December 14, 2011.  <u>See</u> <u>id.</u>, Docket Entries Nos. 30 and 31.  In February 2012, Judge Simandle appointed two attorneys to act as Plaintiff's <u>pro</u> <u>bono</u> counsel for the purposes of <u>Bacon v. Burns</u>, including Plaintiff's opposition to the supplemental motion, which is still pending before Judge Simandle as of the date of this Memorandum Opinion and Order.  <u>See</u> <u>id.</u>, Docket Entries Nos. 35, 36 and 37 (appointing <u>pro</u> <u>bono</u> counsel), and Docket Entry No. 40 (extending Plaintiff's time to oppose).

8.   While these developments were taking place, Plaintiff commenced six new actions in this District; specifically, <u>Bacon v. Dupree</u>, Civil Action No. 12-0784 (assigned to Judge Simandle),[3] and the five above-captioned matters

---

Dr. Elizabeth Burns ("Dr. Burns") sufficiently followed the requirements of the three step process set forth by N.J.A.B. 5:04 when she prescribed a chain of involuntary medications to Plaintiff with Haldol.

[3]  Judge Simandle directed termination of <u>Bacon v. Dupree</u>, Civil Action No. 12-0784, explaining as follows:

> Plaintiff alleged -- once again -- that his rights were violated by the same chain of involuntary injections . . . .  Plaintiff's repeated filings suggest Plaintiff's erroneous impression that he could recover multiple damages on the basis of the same factual predicate. The Court, therefore, notes that, while a litigant may raise alternative legal theories in support of his/her claims, see Fed. R. Civ. P. 8(d), or may name more than one defendant in his/her complaint asserting a violation ensuing from a certain factual predicate, <u>see</u> Fed. R. Civ. P. 19 (providing for joinder of parties), and, upon prevailing on his/her claims, that litigant

(collectively, "Five <u>Bacon</u> Cases") assigned to the undersigned, <u>i.e.</u>, <u>Bacon v. Anne Klein Forensic Center</u> ("<u>Bacon v. AKFC</u>"), Civil Action No. 12-0841; <u>Bacon v. Whitman</u> ("<u>Bacon v. Whitman</u>"), Civil Action No. 12-0842; <u>Bacon v. Davis</u> ("<u>Bacon v. Davis</u>"), Civil Action No. 12-0843; <u>Bacon v. Jamesburg Detention Home for Boys</u> ("<u>Bacon v. Jamesburg</u>"), Civil Action No. 12-0844; and <u>Bacon v. Forsythe</u> ("<u>Bacon v. Forsythe</u>"), Civil Action No. 12-0845.

9.   As noted <u>supra</u>, Plaintiff duly submitted his <u>in forma pauperis</u> ("IFP") application in each of these Five <u>Bacon</u> Cases.  In light of these submissions, the Court will grant Plaintiff IFP status for these Five <u>Bacon</u> Cases and will direct the Clerk to file Plaintiff's complaints in these matters without assessment of a filing fee, since Plaintiff is a civilly-committed person.

10.  Plaintiff's allegations as stated in the Five <u>Bacon</u> Cases vary.  Specifically:

---

could have the damages apportioned among the wrongdoers or ordered for collection jointly and severally, the litigant *cannot* obtain more than one recovery on the basis of the wrongful transaction (or the same chain of wrongful transactions).  "The general rule of compensatory damages bars double recovery for the same wrong." <u>Theme Promotions, Inc. v. News Am. Mktg. FSI</u>, 546 F.3d 991, 1005 (9th Cir. 2008); <u>see</u> <u>also</u> <u>Guy. Tel. & Tel. Co. v. Melbourne Int'l Communs.</u>, 329 F.3d 1241, 1249 (11th Cir. 2003); <u>Pate v. National Fund Raising Consultants</u>, 20 F.3d 341, 345 (8th Cir. 1994).

<u>Id.</u>, Docket Entry No. 2, at 5-7.

a. In <u>Bacon v. AKFC</u>, Plaintiff asserts that he was "falsely convicted of crime and put in double jeopardy." [Civil Action No. 12-0841, Docket Entry No. 1.] In connection with that allegation, Plaintiff seeks "eight billion dollars." [<u>See</u> <u>id.</u>]

b. In <u>Bacon v. Whitman</u>, Plaintiff alleges that a certain "Christie Todd Whitman"[4] violated Plaintiff's rights because she "endangered the welfare of a child" since she "put criminal charges on a child that were meant to protect children but instead put this child in a dangerous position for the rest of his life on Megans as a juvenile child 14 years old." [Civil Action No. 12-0842, Docket Entry No. 1.] In connection with this allegation, Plaintiff seeks "88 zillion dollars." [<u>Id.</u>]

---

[4] The Court presumes that Plaintiff's reference to "Christie Todd Whitman" was intended to be a reference to Christine Todd Whitman ("Governor Whitman"), that is, New Jersey 50th Governor who served her term between 1994 and 2001. Prior to her term as New Jersey Governor, Governor Whitman worked for the Republican National Committee, the U.S. Office of Economic Opportunity, a New York City educational program, the Somerset County Board of Chosen Freeholders and the New Jersey Board of Public Utilities; she left the Office of New Jersey Governor upon her appointment to the U.S. Environmental Protection Agency; she is currently on the Boards of Texas Instruments and United Technologies, and a co-chair of the CASEnergy Coalition. <u>See</u> Republican Leadership Counsel, Bio - Christie Whitman, http://www.republican-leadership.com/bios/christie-whitman. Having no legal degree, Governor Whitman did not serve as a prosecutor or as legal counsel of any kind. <u>See</u> <u>id.</u>

    c.    In <u>Bacon v. Davis</u>, Plaintiff maintains that a certain "Alex Davis" committed medical malpractice by forcefully injecting Plaintiff with Haldol (apparently, per Dr. Burn's orders), since Plaintiff maintains that he is allergic to Haldol.[5] [Civil Action No. 12-0843, Docket Entry No. 1.] In connection with this claim, Plaintiff seeks "2 billion dollars." [<u>Id.</u>]

    d.    In <u>Bacon v. Jamesburg</u>, Plaintiff names "Jamesburg Detention Home for Boys"[6] as the sole defendant; he asserts that this Defendant "[d]id not treat for crime with facts of finding and brought no legal law[]yers for child." [Civil Action No. 12-0844, Docket Entry No. 1.] In connection with that assertion, Plaintiff seeks "one million eight hundred thousand dollars" in damages. [<u>Id.</u>]

    e.    Finally, in <u>Bacon v. Forsythe</u>, Plaintiff asserts that a certain "James Forsythe," apparently an inmate

---

[5]  Judge Simandle's decision in <u>Bacon v. Burns</u> – and the underlying record filed in that matter – established that, in actuality, Plaintiff had no allergic reaction to Haldol. <u>See</u>, <u>generally</u>, <u>Bacon v. Burns</u>, Civil Action No. 10-5484, Docket Entry No. 25, at 2-5 (describing Plaintiff's treatment).

[6]  In New Jersey, juvenile detention centers are secure facilities for minors; such facilities are full-care institutions providing all services on the grounds of the facility, including such services as school education, vocational programs, counseling, and medical services. <u>See</u> State of New Jersey, Juvenile Justice Commission, Introduction to the JJC, <u>http://www.nj.gov/oag/jjc/aboutus_intro.html.</u>

(Plaintiff identified Forsythe by his inmate number),
violated Plaintiff's rights because Forsythe "lied on
Joel Bacon about a crime [thus] destroying someone's
life." [Civil Action No. 12-0845, Docket Entry No. 1.]
Plaintiff clarifies that the alleged lie took place
during Forsythe's testimony before a certain judge, and
he seeks "1.28 billion dollars" in connection with that
allegation. [Id.]

11. All of the claims outlined above are subject to dismissal
for failure to state a claim upon which relief can be
granted. It is worth noting that the bulk of Plaintiff's
claims appear long time-barred. While this Court has no
information as to the exact date of Plaintiff's criminal
proceedings, criminal conviction and civil commitment,
Plaintiff's reference to Governor Whitman and, especially,
Judge Simandle's factual finding that, by 2009, Plaintiff
had already been long held in civil commitment, see Bacon v.
Burns, Civil Action No. 10-5484, Docket Entry No. 25, at 5,
indicate that Plaintiff's criminal proceedings, his
conviction and his civil commitment took place between 2001
and 2009. That, in turn, renders the bulk of Plaintiff's
claims raised in these Five Bacon Cases time barred. Civil
rights claims are best characterized as personal injury
actions and are governed by the applicable state statute of

limitations for personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989).  Therefore, Plaintiff's claims based on the events that transpired between 2001 and 2009 should have been raised no later than in 2011.  However, all Five <u>Bacon</u> Cases were commenced in 2012.  Therefore, these challenges appear untimely.  It is well settled that, unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  <u>Wilson</u>, 471 U.S. at 269.

12. However, the Court takes notice of Plaintiff's references to "a child," a juvenile detention center, and to someone who was "14-year old."  Since this Court: (a) presumes that these references might have been made with the goal of suggesting that Plaintiff was a minor at the time of his criminal conviction and/or civil commitment; and (b) takes notice of Judge Simandle's finding that Plaintiff suffers from mental illness, the Court cannot rule out the

possibility that Plaintiff's claims might be entitled to statutory tolling.  <u>See</u> N.J. Stat. Ann. § 2A:14-21 (directing tolling on the bases of minority and insanity). Therefore, without making a factual finding to that effect, this Court presumes – for the purposes of this Memorandum Opinion and Order only – that all Plaintiff's claims are timely.  Thus, out of an abundance of caution, the Court proceeds with screening Plaintiff's challenges on merits.

13. In <u>Bacon v. AKFC</u>, Plaintiff asserts that he was falsely convicted (and/or wrongfully civilly committed) and seeks monetary damages on the basis of his conviction and/or civil confinement.  These challenges are facially premature.[7]  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court addressed the question of whether an inmate could implicitly challenge his conviction/confinement in a § 1983 suit seeking only damages (a form of relief not available through a habeas corpus proceeding).  The Supreme Court rejected §

---

[7]  If Plaintiff wishes to challenge his conviction or confinement and seek *release* (rather than monetary damages), Plaintiff's claims must be raised in a timely habeas petition, after exhaustion of his federal claims at all three levels of state court.  No statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to the substantive or procedural validity of Plaintiff's habeas challenges, if such are raised.  Rather, the Court notes the possibility of Plaintiff's interest in such claims for the purposes of this Court's conclusion that Plaintiff's habeas challenges, if such were intended to be raised in <u>Bacon v. AKFC</u>, are dismissed here for lack of habeas jurisdiction.  This is without prejudice to being raised in a proper habeas application.

1983 as a vehicle for implicitly challenging the lawfulness of confinement ensuing from a judicial order.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted).

In light of an inmate's inability to initiate a valid § 1983 action for wrongful conviction unless such conviction is overturned by state courts or called into question by issuance of a federal habeas writ, Heck coined the concept of prematurity, pursuant to which "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. In light of the foregoing, Plaintiff's claims raised in Bacon v. AKFC are subject to dismissal as premature. The factual findings of Judge Simandle in Bacon v. Burns unambiguously indicate that Plaintiff's criminal conviction or order of civil commitment has not been invalidated by state courts nor called into question by grant of a federal habeas writ.

12

14.    In <u>Bacon v. Whitman</u>, Plaintiff alleges that Governor Whitman
       violated his rights by "endanger[ing] the welfare of a
       child" through "put[ting] criminal charges on a child [and]
       put[ting] this child in a dangerous position for the rest of
       his life on Megans."[8]  Even if this Court were to
       hypothesize that Plaintiff refers to himself as "the child"
       at issue (since, otherwise, Plaintiff's claims would
       necessarily be subject to dismissal for lack of standing),
       it is self-evident that Governor Whitman could not have any
       personal involvement in Plaintiff's criminal prosecution or
       in procurement of his order of civil commitment, since – at
       no point in her career – Governor Whitman acted as an
       attorney, moreover a prosecutor.  Therefore, even reading
       Plaintiff's claim in the light most favorable to Plaintiff,
       this Court can construe his <u>Bacon v. Whitman</u> challenge only
       as an assertion that Governor Whitman violated Plaintiff's

---

       [8]  The reason for Plaintiff's use of the word "Megans" is
unclear.  The best this Court cold surmise, Plaintiff intended to
refer to "Megan's Law."  However, Megan's Law, Pub. L. No.
104-145, 110 Stat. 1345, is a federal provision adopted in 1996,
and Governor Whitman neither was nor could have been one of its
congressional or senatorial sponsors.  <u>See</u> 1995 Bill Tracking
H.R. 2137.  Moreover, the New Jersey version of Megan's Law
provides for the creation and maintenance of a state registry of
sex offenders and a community notification procedure, <u>see</u> State
of New Jersey, Attorney General Guidelines for Law Enforcement
for the Implementation of Sex Offender Registration and Community
Notification Laws (March 2000), *available at* http://
www.state.nj.us/lps/dcj/megan1.pdf, rather than for any form of
confinement.  Hence, Plaintiff's criminal conviction and/or his
civil commitment could not have any connection with Megan's Law.

rights by being New Jersey Governor during the time when either Plaintiff's criminal prosecution or his civil commitment proceedings were taking place.  However, at most, this claim implicates Governor Whitman only in her supervisory capacity, as the State's top administrative official.  That claim is facially meritless, since challenges based on solely on the <u>respondeat</u> <u>superior</u> theory are not cognizable under Section 1983.  <u>See</u> <u>Ashcroft v.</u> <u>Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of <u>respondeat</u> <u>superior</u>"); <u>Arqueta v. United States</u> <u>Immigration & Customs Enforcement</u>, 643 F.3d 60 (3d Cir. 2011).  Therefore, even construed most leniently, Plaintiff's claims in <u>Bacon v. Whitman</u> must be dismissed.

15.  In <u>Bacon v. Davis</u>, Plaintiff alleges that a certain "Alex Davis" committed medical malpractice by forcefully injecting Plaintiff with Haldol.  Read literally, Plaintiff's claim is facially subject to dismissal on the grounds of lack of federal jurisdiction, since: (a) in light of the findings made by Judge Simandle in <u>Bacon v. Burns</u>, it is undisputed that Plaintiff resides in New Jersey and his Haldol injections were performed in New Jersey; and (b) challenges based on medical malpractice are state tort law claims

14

falling outside the scope of federal question.  <u>Compare</u> 28
U.S.C. § 1331 (stating requirements for federal-question
jurisdiction) and 28 U.S.C. § 1332 (stating requirements for
diversity jurisdiction); <u>see</u> <u>also</u> <u>Kost v. Kozakiewicz</u>, 1
F.3d 176, 185 (3d Cir. 1993) ("allegations of medical
malpractice . . . may give rise to a state tort claim, [but]
they do not rise to the level of federal constitutional
violations").  Moreover, even construing Plaintiff's
reference to "medical malpractice" as an oversight and
assuming that he wished to assert constitutional claims, his
claims based on his allegations of involuntary injections
with Haldol are subject to dismissal as duplicative of <u>Bacon
v. Burns</u>.  <u>Accord</u> <u>Bacon v. Dupree</u>, Civil Action No. 12-0784
(where the same issue of duplicativeness was addressed by
Judge Simandle).  Finally, to the extent Plaintiff's
allegations could be construed as asserting that the
involuntary medication caused an allergic reaction in
violation of his constitutional rights, Judge Simandle's
factual finding that Plaintiff was not allergic to Haldol
bars Plaintiff's claim pursuant to the doctrine of <u>res
judicata</u>.  <u>See</u> <u>United States v. Athlone Indus., Inc.</u>, 746
F.2d 977, 983 n.4 (3d Cir. 1984).

16.  In <u>Bacon v. Jamesburg</u>, Plaintiff claims that the juvenile
detention center where he, seemingly, was placed "[d]id not

treat for crime with facts of finding and brought no legal law[]yers for child."[9]  This challenge fails for a number of reasons.  First, a detention center is not a "person" within the meaning of a § 1983 suit.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (a confinement facility is not an entity cognizable as "person" for the purposes of a § 1983 suit); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (same); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (same); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).  Furthermore, even if this Court were to presume that Plaintiff wished to name facility staff (rather than the facility itself) as Defendant, the facility staff – being employees of a place of confinement – had no duty to obtain, and no role in obtaining, legal representation for Plaintiff.  Finally, even presuming that Plaintiff merely wished to assert that he was wrongfully convicted or civilly committed, his claims would be barred by Heck on the grounds already articulated

---

[9]  As to Bacon v. Whitman, the Court presumes that Plaintiff referred to himself as "the child" at issue; otherwise, Plaintiff's Bacon v. Jamesburg claims would be subject to dismissal for lack of standing.

16

by this Court with regard to <u>Bacon v. AKFC</u>, as his

challenges would be premature.[10]

17.   Finally, Plaintiff asserts in <u>Bacon v. Forsythe</u> that a

certain inmate is liable to Plaintiff because that inmate

falsely testified against Plaintiff.  However, witnesses are

absolutely immune from civil suit for damages based upon

their testimony.  <u>See</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 341-46

(1983).  Since that immunity extends to all forms of court

proceedings, <u>see</u> <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1467 n.

---

[10]   If this Court were to read Plaintiff's claims as
allegations that his counsel failed to provide him with effective
assistance during his criminal proceedings or during his civil
commitment hearing, the so-construed challenges would also be
subject to dismissal for failure to meet the color-of-law
requirement.  To recover against a defendant under 42 U.S.C. §
1983, a plaintiff must establish that the defendant acted under
"color of [state] law" to deprive him of a right secured by the
federal Constitution or laws.  <u>See</u> <u>Groman v. Twp. of Manalapan</u>,
47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create
substantive rights; rather, it provides an avenue of recovery for
the deprivation of established federal constitutional and
statutory rights. <u>See</u> <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d
Cir. 1996); <u>Groman</u>, 47 F.3d at 633.  "The color of state law . .
. is a threshold issue; there is no liability under [Section]
1983 for those not acting under color of law."  <u>Id.</u> at 638.  The
color of state law element in a section 1983 action requires that
"the conduct allegedly causing the deprivation of [the
plaintiff's rights] be fairly attributable to the State."  <u>Lugar
v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982).  It is well-
settled that neither privately retained counsel nor a
court-appointed public defender who performs a lawyer's
traditional function as counsel to a defendant in a criminal
proceeding could be deemed as acting under color of law.  <u>See</u>
<u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  Whether
court-appointed or privately retained, a defense attorney
represents only her client and not the state.  <u>See</u> <u>Johnson v.
Kafrissen</u>, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5,
1995).

16 (3d Cir. 1992), Plaintiff's claim must be dismissed regardless of the circumstances of Forsythe's testimony.

18. In light of the foregoing, all Plaintiff's challenges are subject to dismissal. However, the Court must determine whether Plaintiff's claims should be dismissed with or without prejudice. Here, the Court's analysis is governed by the Court of Appeals' guidance provided recently in Powell v. Symons, ___ F.3d ___, 2012 U.S. App. LEXIS 6467, 2012 WL 1066740, at *4 (3d Cir. Mar. 30, 2012). In Powell, the Court of Appeals addressed the responsibility of the district court to inquire sua sponte, under Federal Rule of Civil Procedure 17(c)(2), the issue of whether a pro se litigant is incompetent to litigate his action and is therefore entitled to either appointment of a guardian ad litem or other measures protecting his rights. See id. The Court clarified that, while a "district court need not inquire sua sponte into a pro se plaintiff's mental competence" simply because of the "litigant's bizarre behavior . . . even if such behavior . . . suggest[ed] mental incapacity," id., a district court should not conclusively dismiss a litigant's claims without a Rule 17(c) competency hearing if it had been presented with "verifiable evidence of [the litigant's] incompetence"

18

within the meaning of Rule 17.[11]  See id. at *4 and 7.  In addition, the Powell Court clarified that the inquiry into a litigant's competency should, as a general matter, occur *after* the litigant's pleading survives sua sponte screening. See id. at *13; accord id. at *15 (relying on Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009), and noting that, "once the duty of inquiry is satisfied, a court may not weigh the merits of claims *beyond* the § 1915A or § 1915(e)(2) screening if applicable") (emphasis added); see also Berrios, 564 F.3d at 135 (2d Cir. 2009) (holding that a district court could dismiss a case brought by an incompetent party if it was "clear that no substantial claim could be asserted," so long as that dismissal is entered without prejudice); cf. 25 Fed. Proc., L. Ed. § 59:83 ("Of course, if an infant or incompetent plaintiff obviously has no cause of action, the action may be dismissed without the appointment of a guardian ad litem").  However, Powell held that, in some rare scenarios, a competency hearing might be required at the stage of sua sponte screening; specifically, if the district court, upon being presented with evidence of

---

[11]  Though the standard for competency is determined by the state law of the person's domicile, generally mental illness relates to incompetency when it "affects the person's practical ability to manage his or her own affairs."  Perri v. City of New York, 350 F. App'x 489, 490 (2d Cir. 2009) (internal quotation marks and citation omitted).

incompetence at the screening stage, either has difficulty understanding the plaintiff's challenges or detects a possibility that the plaintiff's claims might have merit, even though these claims, as pled, fail to meet the pleading requirement of Rule 8, as clarified in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).  <u>See</u> <u>Powell</u>, ___ F.3d ___, 2012 U.S. App. LEXIS 6467, 2012 WL 1066740, at *15 (citing <u>Berrios</u>, 564 F.3d at 134, for the proposition that, where "the plaintiff, a severely mentally retarded teenager, was without a representative when the court dismissed her claims, and was otherwise unprotected, the court was without authority to reach the merits of those claims") (original brackets removed).

19.  Here, Plaintiff's claim raised in <u>Bacon v. AKFC</u> is clearly barred by <u>Heck</u> and, in light of the submissions made as recently as a few weeks ago in <u>Bacon v. Burns</u>, it is apparent that this claim is as premature now as it was when the <u>Bacon v. AKFC</u> complaint was submitted to Plaintiff's facility officials for mailing to this Court.  Therefore, with regard to <u>Bacon v. AKFC</u>, the Court has no difficulty understanding Plaintiff's challenges and there is no possibility that Plaintiff's claim might have merit.

20.  In Bacon v. Whitman, it is apparent that Governor Whitman
     lacked personal involvement in all the wrongs alleged by
     Plaintiff.  Therefore, in that action, the Court similarly
     has no difficulty understanding Plaintiff's challenges or
     sees any possibility that Plaintiff's claims against
     Governor Whitman might have merit.

21.  Similarly, Plaintiff's claims in Bacon v. Davis cannot be
     qualified as either unclear or offering a possibility of
     merit.  Even the most lenient reading of Plaintiff's claims
     shows that they are duplicative of those currently before
     Judge Simandle in Bacon v. Burns, while a literal reading of
     Plaintiff's position renders it not amenable to cure by
     repleading due to clear lack of federal jurisdiction.

22.  Plaintiff's claims in Bacon v. Jamesburg are, again, neither
     beyond the Court's understanding nor demonstrative of a
     possibility that they might have merit, because every
     reading of these allegations fails to produce a viable
     challenge: regardless of how Plaintiff's claims are read, a
     detention facility cannot become a "person" amenable to §
     1983 suit, nor would its staff develop a duty to arrange for
     legal representation of its inmates.  Plaintiff's claims
     would remain either barred by Heck (and duplicative of those
     asserted in Bacon v. AKFC) or invalid for Plaintiff's

inability to meet the color of law requirement with regard to the actions of his counsel.

23. Finally, Plaintiff's <u>Bacon v. Forsythe</u> claims are within the Court's grasp and do not indicate a possibility that they might have merit, because they are barred by the doctrine of witness immunity.

24. At this juncture, a Rule 17 competency hearing does not appear warranted in any of the above-described Five <u>Bacon</u> Actions.  This conclusion is supported by the Court's: (a) review of Plaintiff's ongoing proceedings in <u>Bacon v.Burns</u>, where Plaintiff was indeed able to articulate a viable claim while proceeding <u>pro</u> <u>se</u> and without a guardian or other representative, and where Judge Simandle appointed <u>pro</u> <u>bono</u> counsel only to represent Plaintiff for the purposes of summary judgment adjudication of the single remaining claim against Dr. Burns; and (b) recognition of the fact that, were the Court to appoint <u>pro</u> <u>bono</u> counsel in these Five <u>Bacon</u> Actions and direct counsel to file amended complaints, the appointed counsel would likely be required to file an quasi-<u>Anders</u> brief if the above-described claims indeed reflect Plaintiff's intended challenges.[12]

---

[12]   In <u>Anders v. California</u>, 386 U.S. 738 (1967), a court-appointed attorney filed a motion to withdraw from the case because of his belief that all grounds that he could raise were frivolous.  In <u>United States v. Turner</u>, 2012 U.S. App. LEXIS 7899 (3d Cir. Pa. Apr. 19, 2012), the Court of Appeals examined a

25. However, out of an abundance of caution and being mindful of Plaintiff's request to "throw out" all his cases where he did not seek appointment of <u>pro bono</u> counsel and also of the possibility that the challenges Plaintiff intended to articulate might be qualitatively different from those actually stated in his original complaints, the Court finds it warranted to dismiss each of Five <u>Bacon</u> Actions without prejudice. If the Court's review of any amended pleadings in the Five <u>Bacon</u> Actions results in the conclusion that Plaintiff's claims cannot be understood by the Court or that these claims, while facially insufficient, show a possibility of a meritorious claim, the Court will direct reopening of the relevant <u>Bacon</u> Action(s) and will conduct a Rule 17 competence hearing in order to determine whether Plaintiff is capable of acting as a master of his claims or whether appointment of a guardian <u>ad litem</u> (or any other appropriate measure) might be warranted in light of

---

scenario where appointed attorneys filed a quasi-<u>Anders</u> brief explaining why they considered their client's positions frivolous. The <u>Turner</u> Court reminded that counsel have no constitutional obligation to raise frivolous issues, <u>see id.</u> at *15 (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983), for the proposition that "[n]either <u>Anders</u> nor any other decision of this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed counsel to press [even] nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points") and held that, "[b]y filing an <u>Anders</u> brief without seeking to withdraw, counsel have presented issues to the Court that need not have been raised." <u>Id.</u> at *17.

Plaintiff's lack of mental capacity, as directed by the operations of Rule 17, clarified in <u>Powell</u>.

IT IS, therefore, on this 21st day of May, 2012,

ORDERED that Plaintiff's applications to proceed in the above-captioned matters <u>in forma pauperis</u> is granted.  In light of his civil commitment, the Clerk shall not assess filing fees against Plaintiff; and it is further

ORDERED that the Clerk shall file Plaintiff's complaints in each of the above-captioned five matters; and it is further

ORDERED that Plaintiff's complaints in each of the above-captioned five matters are dismissed; and it is further

ORDERED that each such dismissal is without prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by certified mail, return receipt requested; and it is further

ORDERED that the Clerk shall administratively terminate each of the above-captioned matters by making a new and separate entry on the docket of each matter, reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a dismissal on the merits, and that the Court does not withdraw its jurisdiction over any of these five matters; and it is further

ORDERED that Plaintiff may have any of these five matters reopened in the event that he submits, within sixty days of the date of entry of this Memorandum Opinion and Order, an amended pleading stating, to the best of his ability, the facts of his claims and the challenges he wishes to litigate; and it is finally

ORDERED that, in the event Plaintiff files such amended pleading(s), the Court will direct reopening of the relevant matters and consider whether a Rule 17 competency hearing is appropriate.

/s/ Joel A. Pisano
**JOEL A. PISANO**
**United States District Judge**